UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THE ESTATE OF WILLIE MIDDLETON, by his
Proposed Administrator, Barry J. Warren a/k/a Willie
James Middleton,                                                                    1:22-cv-01155 (BKS/CFH)

                                      Plaintiff,

v.

CLR TROY LLC d/b/a Troy Center for Rehabilitation and
Nursing, et al.,

                                     Defendants.
_____

**Appearances:**

*For Plaintiff*:
Nicholas R. Farnolo
Napoli Shkolnik PLLC
400 Broadhollow Road, Suite 305
Melville, NY 11747

*For Defendant*:
Andrew S. Holland
Wilson Elser Moskowitz Edelman & Dicker, LLP
200 Great Oaks Blvd., Suite 228
Albany, NY 12203

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### ORDER TO SHOW CAUSE

Defendant CLR Troy LLC removed this action from New York State Supreme Court, Rensselaer County, asserting that this Court has subject-matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1331, which grants the federal courts jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," and under 28 U.S.C. § 1442(a)(1), which grants the federal courts jurisdiction over civil actions "against or directed to

…any person acting under [a federal] officer of the United States or of any agency thereof." (*See* Dkt. No. 1 ¶¶ 31–72).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). "The removing defendant has the burden of establishing federal jurisdiction." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021).

Defendant asserts three bases for federal jurisdiction. First, Defendant asserts that federal jurisdiction exists under 28 U.S.C. § 1442(a)(1) because "defendants subject to [Plaintiff's] claims are persons acting under federal officers." (Dkt. No. 8, at 2; *see* Dkt. No. 1, ¶¶ 31–45). Second, Defendant asserts that Plaintiff's claims "'aris[e] under' federal law within the meaning of 28 U.S.C. § 1331 because they are completely preempted by the PREP Act." (Dkt. No. 8, at 1; *see* Dkt. No. 1, ¶¶ 46–63) (alteration in original). Third, Defendant asserts that Plaintiff's claims "'aris[e] under' federal law within the meaning of 28 U.S.C. § 1331 because, under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing.*, 545 U.S. 308 (2005), these claims necessarily involve substantial and disputed questions of federal law." (Dkt. No. 8, at 1; *see* Dkt. No. 1, ¶¶ 64–72).

In *Solomon v. St. Joseph Hospital*, the Second Circuit considered the same arguments that Defendant asserts here. No. 21-2729, 2023 WL 2376207, 2023 U.S. App. LEXIS 5386 (2d Cir. 2023). Under a similar set of facts, the Second Circuit concluded "that removal to federal court was improper because the district court lacked jurisdiction to hear the case." *Id.*, 2023 WL 2376207, at *1, 2023 U.S. App. LEXIS 5386, at *4. First, the court held that defendants (a private hospital and healthcare corporation) did not "act under" a federal officer within the meaning of 28 U.S.C. § 1442(a)(1) simply by operating in a heavily regulated industry and complying with federal laws, rules, and regulations related to COVID-19. *Id.*, 2023 WL 2376207, at *6, 2023 U.S. App. LEXIS 5386, at *15–16. Second, the Second Circuit held that the Public Readiness and Emergency Preparedness ("PREP") Act does not completely preempt state law causes of action, as it "permits only one federal cause of action (for willful misconduct)"[1] and plaintiff's claims of negligence, gross negligence, and medical malpractice did not "fall within its narrow scope." *Id.*, 2023 WL 2376207, at *3, 2023 U.S. App. LEXIS 5386, at *9. Third, the Second Circuit held that plaintiff's claims did not necessarily raise a federal issue as plaintiff's complaint did not raise questions of federal law on its face. *Id.*, 2023 WL 2376207, at *6, 2023 U.S. App. LEXIS, at *17. The court found the issue of PREP Act preemption to be an anticipated defense, which may not form the basis, nor even aid in the court's inquiry, as to whether plaintiff's claims arise under federal law. *Id.*

In light of the Second Circuit's recent holdings in *Solomon*, it appears that Defendant's notice of removal is insufficient to show that this Court has subject matter jurisdiction over the matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1442(a)(1).

---

[1] The court recognized that "[t]he PREP Act grants exclusive federal jurisdiction over…claims [for willful misconduct] to the United States District Court for the District of Columbia." *Id.*, 2023 WL 2376207, at *1, 2023 U.S. App. LEXIS 5386, at *4.

Accordingly, it is

**ORDERED** that Defendant CLR Troy LLC (the "Removing Defendant") shall file a memorandum, not to exceed fifteen pages, by April 7, 2023, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that Plaintiff may respond to the Removing Defendant's submission, with a memorandum not to exceed fifteen pages, on or before April 21, 2023.

**IT IS SO ORDERED.**

Dated: March 20, 2023
       Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge